Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL I

| | | |
|---|---|---|
| JOSÉ A. VEGA GARCÍA<br><br>Recurrente<br><br>V.<br><br>DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN, TÉCNICO SOCIO PENAL SRA. M. CONCEPCIÓN, TÉCNICO SOCIO PENAL JEFA SOCIALES IRIS VELÁZQUEZ, SUPERINTENDENTE VÍCTOR BERMÚDEZ, CAMPAMENTO EL ZARZAL, TENIENTE SANTANA; TÉCNICO RECORD PENAL SR. RIVERA MARIBEL GARCÍA CHARRIEZ EVALUADORA REMEDIOS ADMINISTRATIVOS, SEC. INTERINO DCR SIXTO MARRERO RODRÍGUEZ, LCDA. GLORIMAR LAMBOY TORRES; SRA. TAYNA RIVERA LLAVONA, SECRETARIA ANA ESCOBAR DCR, TENIENTE ALEMÁN OFICIAL CONDE, OFICIAL BURGOS, MARIBEL ALICEA MADELINE TORRES<br><br>Recurridos | KLRA202400216 | Revisión Administrativa procedente del Departamento de Corrección y Rehabilitación<br><br>Apelaciones Núm. QZA-57-23 QZA-65-23<br><br>Sobre: Bonificaciones en Derecho por Trabajo Cooperativa El Zarzal Taller Agrícola Multicoop, Terapias dando lo mejor de ti, Arrastre de Institución a otra Institución y querer obligar al MPC a estudiar por la Ley 217 |

Panel integrado por su presidente, el Juez Sánchez Ramos, Juez Pagán Ocasio, el Juez Marrero Guerrero y la Jueza Boria Vizcarrondo.

Marrero Guerrero, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 27 de junio de 2024.

Comparece el Sr. José A. Vega García (en adelante, el señor

Vega García o el recurrente) por derecho propio y de forma *pauperis*

ante este Tribunal, mediante un escrito titulado *Moción en Solicitud Revisión sobre Respuesta de Remedio Administrativo*. En su petición, el recurrente expone haber enfrentado diversos inconvenientes al solicitar a las técnicas socio-penales, las señoras M. Concepción e Iris Velázquez, que honren bonificaciones por su participación en diversos talleres y trabajos realizados. Específicamente, sostiene que la señora Concepción afirma erróneamente que el recurrente no posee diploma de cuarto año ni evidencia de los talleres en los que ha participado ni de los trabajos realizados.[1]

En síntesis, el recurrente solicita que este Foro: (1) declare Ha Lugar su petición; (2) ordene al Departamento de Corrección y Rehabilitación (en adelante, DCR) realizar los cálculos pertinentes para determinar las bonificaciones que le aplican por las labores realizadas, los talleres cursados y los días de arrastre de institución penal, de acuerdo con lo establecido en el Plan de Reorganización Núm. 2 de 2011, según enmendado, para el período comprendido entre el 31 de octubre de 2022 y el 15 abril de 2024; y (3) ordene la entrega de su hoja de liquidación de sentencia, junto con todos los cómputos solicitados, sin que se tomen represalias en su contra.[2]

Por los fundamentos que expondremos a continuación, *desestimamos* el recurso presentado por el señor Vega García.

**-I-**

Según se desprende de la comparecencia, el señor Vega García está recluido en el Centro Detención Regional de Bayamón. Alega haber realizado labores agrícolas y haber participado en varios talleres ofrecidos por el DCR en las diferentes instituciones penales donde ha estado confinado. A su entender, las labores realizadas y la participación en estos talleres deben ser tomadas en consideración para que se le apliquen bonificaciones conducentes a

---

[1] Véase, páginas 2-4 de la comparecencia del recurrente.
[2] *Íd.*, págs. 7-8.

reducir su condena. Asimismo, argumenta que la señora Concepción se muestra renuente a otorgarle las bonificaciones correspondientes al informar que es necesario poseer un diploma de cuarto año y evidencia de su participación en los talleres y trabajos realizados. De acuerdo con el recurrente, la señora Concepción interpreta erróneamente que él carece de dicho diploma y no cuenta con la evidencia necesaria para demostrar su participación en los talleres ofrecidos por el DCR y las labores realizadas.

Conforme a lo expresado en la comparecencia, el recurrente señala que posee diploma de cuarto año desde el 2 de agosto de 1996.[3] De igual forma, arguye que ha realizado los procedimientos pertinentes a través de la División de Remedios Administrativos del DCR, pero todas sus solicitudes y reconsideraciones han sido denegadas.[4] En virtud de lo expuesto, el señor Vega García solicita nuestra intervención.

Cabe destacar que, aunque la *Moción en Solicitud Revisión sobre Respuesta de Remedio Administrativo* incluye copias de las respuestas de la División de Remedios Administrativos del DCR sobre las solicitudes y reconsideraciones efectuadas por el recurrente, **fechadas en el mes de noviembre de 2023**, **ninguna de estas resoluciones contiene la fecha en que las decisiones fueron notificadas al señor Vega García. En otras palabras, ninguna de las resoluciones emitidas por el DCR indica la fecha en que el recurrente recibió la notificación en la institucional penal. De hecho, el espacio destinado "*Recibo de Respuesta*" en todas las resoluciones aparece en blanco.[5]**

En vista de lo anterior, el 14 de mayo de 2024, emitimos una *Resolución* en la que expresamos lo siguiente:

> Examinada la documentación presentada junto al recurso, notamos que en la *Respuesta de Reconsideración al*

---

[3] *Íd.*, pág. 4.
[4] *Íd.*, pág. 5.
[5] *Íd.*, Exhibit VIII.

*Miembro de la Población Correccional*, con fecha de 29 de noviembre de 2023, no se hizo constar cuándo dicha determinación fue recibida por el recurrente. Se conceden 15 días a dicha parte para proveer copia que acredite dicha circunstancia o evidencia de cuando le fue notificada. Ello a fin de poder determinar nuestra jurisdicción.

Sin embargo, hasta la fecha no hemos recibido la evidencia necesaria para determinar cuándo le fue notificada la decisión administrativa al señor Vega García y con ello, determinar nuestra jurisdicción.

Conforme a lo dispuesto en la Regla 7 (B) (5) del Reglamento del Tribunal de Apelaciones, 4 Ap. XXII-B, R. 7 (B) (5), prescindimos de la comparecencia de las posibles partes con interés, y resolvemos. Se adelanta la desestimación del recurso.

**-II-**

**-A-**

El Artículo 4.006 de La Ley de la Judicatura del Estado Libre Asociado de Puerto Rico, Ley Núm. 201-2003, según enmendada, 4 LPRA sec. 24y, establece que este Tribunal tiene competencia para revisar, entre otros asuntos, las decisiones, órdenes y resoluciones finales de los organismos o agencias administrativas. Por su parte, la Regla 56 y siguientes del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 56 y siguientes, gobiernan el trámite de las revisiones de los asuntos previamente mencionados. En particular, la Regla 59 regula el contenido del recurso de revisión. Así, todo recurso de esta naturaleza debe incluir uno o varios señalamientos de error, los cuales, además deben ser discutidos; **de igual manera debe contener una referencia a la decisión, reglamento o providencia administrativa objeto del recurso de revisión incluyendo la fecha en que fue dictada y <u>la fecha en que se archivó en autos copia de la notificación a las partes</u>**. También, deberá presentarse un apéndice, el cual tiene que contener copia de las alegaciones de las partes ante la agencia recurrida; y copia de la

querella, orden, resolución o providencia administrativa recurrida, así como de toda moción, resolución u orden necesaria para establecer la jurisdicción de este Tribunal o que sea pertinente para la controversia. 4 LPRA Ap. XXII-B, R. 59 (E).

**-B-**

La jurisdicción es el poder o autoridad que ostentan los tribunales para considerar y decidir los casos o controversias que tienen ante sí. *Fideicomiso de Conservación de Puerto Rico y Para la Naturaleza, Inc. v. ELA*, 211 DPR 521 (2023); *Beltrán Cintrón y otros v. Estado Libre Asociado*, 204 DPR 89, 101 (2020); *Torres Alvarado v. Madera Atiles*, 202 DPR 495, 499-500 (2019). Por esta razón, la falta de jurisdicción de un tribunal incide directamente sobre el poder del mismo para adjudicar una controversia. *Allied Mgmt. Group v. Oriental Bank*, 204 DPR 374, 386 (2020). En ese sentido, es norma reiterada que los tribunales son celosos guardianes de su jurisdicción y tienen el deber ineludible de auscultar dicho asunto con preferencia a cualesquiera otros. *Pueblo v. Torres Medina*, 211 DPR 950 (2023).

De ese modo, la ausencia de jurisdicción trae varias consecuencias, tales como: (1) que no sea susceptible de ser subsanada; (2) las partes no puedan conferírsela voluntariamente a un tribunal como tampoco puede éste arrogársela; (3) conlleva la nulidad de los dictámenes emitidos; (4) impone a los tribunales el ineludible deber de auscultar su propia jurisdicción; (5) obliga a los tribunales apelativos a examinar la jurisdicción del foro de donde procede el recurso; y (6) puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal *motu proprio*. *Allied Mgmt. Group v. Oriental Bank*, supra.

Por consiguiente, un tribunal no tiene discreción para asumir jurisdicción donde no la hay, si carece de jurisdicción, deberá así declararlo y desestimar la reclamación sin entrar en sus méritos,

pues la falta de jurisdicción no es susceptible de ser subsanada. Íd.; *Beltrán Cintrón y otros v. Estado Libre Asociado*, supra, págs. 101-102*; Mun. De San Sebastián v. QMC Telecom*, 190 DPR 652, 660 (2014); *Pérez Soto v. Cantera Pérez, Inc. et al.*, 188 DPR 98, 105 (2013).

**-III-**

En primer lugar, es fundamental destacar que los tribunales tenemos el deber ineludible de examinar nuestra jurisdicción antes de considerar cualquier otro asunto. *Pueblo v. Torres Medina*, supra. Un tribunal no puede asumir jurisdicción donde no la tiene; si carece de ella, deberá así declararlo y desestimar la reclamación sin entrar en sus méritos, ya que la falta de jurisdicción no puede ser subsanada. *Beltrán Cintrón y otros v. Estado Libre Asociado*, supra, págs. 101-102*; Mun. De San Sebastián v. QMC Telecom*, supra, pág. 660.

Un examen del expediente que tenemos ante nuestra consideración demuestra que **el recurrente no nos colocó en posición de determinar nuestra jurisdicción sobre el asunto**. Esto se debe a que no presentó ningún documento que especifique la fecha en que le fueron notificadas las decisiones impugnadas.[6] Ello, a pesar de la oportunidad que le concedimos para presentar la evidencia a esos fines. Por consiguiente, no podemos ejercer nuestra función revisora.

Las normas que rigen el perfeccionamiento de todos los recursos deben observarse rigurosamente. Esto asegura que los tribunales apelativos podamos tomar decisiones correctas, basadas en un expediente completo y claro que presente claramente la

---

[6] Según consta en su escrito, la solicitud fue suscrita por el señor Vega García el 15 de abril de 2024 y recibida en el Tribunal de Apelaciones el 25 de abril de 2024. Sin embargo, no consta la fecha en que el recurrente presentó la moción en el Centro Detención Regional de Bayamón. Cabe señalar que, en el caso de las personas que se encuentran confinadas, la fecha del "ponche" en la institución penal se considera como la fecha de entrega ante el Tribunal. Por tanto, esta falta de información abona a nuestra decisión de denegar la solicitud.

controversia en cuestión. *Soto Pino v. Uno Radio Group,* 189 DPR 84, 90 (2013).

Es importante destacar que, el hecho de que las partes litigantes comparezcan por derecho propio, por sí solo, no justifica que ellas incumplan con las reglas procesales. La omisión del recurrente en cumplir con nuestro Reglamento representa un impedimento real y meritorio para la consideración del caso en sus méritos. Si bien fuimos flexibles en cuanto a las exigencias de nuestro Reglamento, aquí no se trata de meros errores de forma, sino cuestiones esenciales que nos impiden entrar en los méritos del caso y ejercer nuestra función revisora.

## -IV-

A la luz de lo antes expuesto, desestimamos el recurso ante nuestra consideración por el craso incumplimiento del recurrente con las disposiciones legales y reglamentarias aplicables.

Lo acuerda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones